**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **McKING CONSULTING CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **BID PROTEST** |
| | ) | |
| **v.** | ) | **No. 06-787** |
| | ) | |
| **THE UNITED STATES** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MOTION TO INTERVENE

Professional and Scientific Associates, Inc. ("PSA"), by undersigned counsel, hereby moves the Court to intervene in the above-captioned proceeding as an Intervenor of Right pursuant to RCFC 24(a)(2). In support of its Motion, PSA states as follows:

On October 6, 2006, Plaintiff filed a bid protest (B-298864) at the Government Accountability Office relating to the decision of the Department of Health and Human Services, Human Resources and Services Administration ("HRSA") to award Contract No. HHSH240F5806 ("Contract") to PSA. On November 13, 2006, Plaintiff filed a Complaint for Injunctive and Declaratory Relief in the Court of Federal Claims, relating to HRSA's decision to override an automatic stay of performance of the Contract.

On November 15, 2006, GAO dismissed Plaintiff's bid protest as untimely filed. On November 21, 2006, this Court dismissed Plaintiff's action as moot. On November 22, Plaintiff filed the instant action in this Court, seeking a preliminary injunction to prevent HRSA and PSA from continuing with Contract performance.

As the Contract awardee, PSA has a specific interest in the property or transaction that is the subject matter of this action, i.e., performance of the Contract, which the Plaintiff seeks to enjoin. PSA is the awardee of the Contract. No other party can adequately represent PSA's interests regarding the harm to PSA in the assessment of whether injunctive relief is appropriate. Indeed,

only PSA is best equipped to present its own position in defense of all elements that Plaintiff must demonstrate to succeed in its pursuit of injunctive relief.

This Court routinely admits a contract awardee as an Intervenor in CICA override cases. *See e.g.*, *Advanced Sys. Dev., Inc. v. United States*, No. 06-484C at 5 (Fed. Cl. July 21, 2006) (admitting awardee as intervenor during Preliminary Status Conference); *Cigna Gov't Serv., LLC v. United States*, 70 Fed. Cl. 100, 109 (2006) (admitting awardees as intervenors during status conference); *Sierra Military Health Serv., Inc. v. United States*, 58 Fed. Cl. 573 (2003) (awardees as intervenors). Accordingly, PSA qualifies as an Intervenor of Right pursuant to RCFC 24(a)(2).

WHEREFORE, for good cause shown, PSA respectfully requests this Court to grant it leave to intervene in this matter.

Dated: November 27, 2006

Respectfully submitted,

/s Kristen E. Ittig

Kristen E. Ittig
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, NW Suite 100
Washington, DC 20006
(202) 862-5976
(202) 955-5564
kristen.ittig@hklaw.com

Attorney of Record for Professional and Scientific Associates, Inc.

*Of Counsel:*

David P. Metzger
HOLLAND & KNIGHT LLP
1600 Tysons Boulevard, Suite 700
McLean, VA
(703) 720-8036 (tel)
(703) 720-8610 (fax)
david.metzger@hklaw.com

Caitlin K. Cloonan
HOLLAND & KNIGHT LLP

1600 Tysons Boulevard, Suite 700
McLean, VA
(703) 720-8021 (tel)
(703) 720-8610 (fax)
caitlin.cloonan@hklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing Motion to Intervene to be served by this 27th day of November 2006 upon:

Jessica C. Abrahams, Esq.
McKenna, Long & Aldridge
1900 K Street, NW
Washington, DC 20006
*Served by Electronic Filing*

/s Kristen E. Ittig
Kristen E. Ittig

# 4206394_v1