**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| McKING CONSULTING CORP., | |
| Plaintiff, | |
| v. | No. 06-787C |
| THE UNITED STATES, | (Judge Williams) |
| Defendant, | |
| and | |
| PROFESSIONAL AND SCIENTIFIC ASSOCIATES, INC., | |
| Defendant-Intervenor. | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) of the Rules of the Court of Federal Claims, defendant, the United States, respectfully requests that the Court dismiss the complaint because plaintiff's challenge to the award of a task order has been rendered moot by the agency’s termination of the task order. McKing has indicated that it consents to this motion as long as the dismissal is without prejudice. Because mootness relates to the jurisdiction of this Court, we agree that the dismissal should be without prejudice.

**STATEMENT OF THE ISSUE**

Whether plaintiff's complaint should be dismissed as moot.

**NATURE OF THE CASE**

This is a bid protest in which plaintiff, McKing Consulting Corp. (“McKing”), challenges the United States Department of

Health and Human Services' ("HHS") award of a task order to Professional and Scientific Associates ("PSA"), pursuant to a blanket purchase agreement ("BPA"). Comp. 1 & 4, ¶ 13.[1]

**STATEMENT OF FACTS**

On September 18, 2006, HHS awarded Task Order No. HHSH240F5806 to PSA, pursuant to BPA No. HHSN263200500063293B. On November 22, 2006, McKing filed this protest. On November 27, 2006, this Court granted a motion by PSA to intervene.

McKing alleged that, in awarding the task order to PSA, HHS violated the Competition in Contracting Act, 41 U.S.C. § 253 et seq. Comp. 1 & 4, ¶ 13. McKing also alleged that the services awarded were outside the scope of the BPA, and that it had been denied an opportunity to compete for the work. Comp. 8-9, ¶¶ 31-32.

McKing sought a preliminary and permanent injunction preventing HHS and PSA from proceeding with work under the task order. Comp. 9, ¶¶ 1, 3. McKing also sought a declaration that the award to PSA was illegal, arbitrary, capricious, and without a rational basis. Comp. 9, ¶ 2. On November 27, 2006, HHS terminated the task order, in its entirety, for the convenience of the Government. A1-2. In light of HHS's action, this protest should be dismissed as moot.

[1] "Comp. _" refers to McKing's complaint filed on November 22, 2006. References are to page and/or paragraph numbers.

## ARGUMENT

### I. McKing's Protest Is Moot And Should Be Dismissed

"Contracting officers may properly exercise wide discretion in their evaluation of bids and in their application of procurement regulations." CACI Field Serv., Inc. v. United States, 13 Cl. Ct. 718, 725 (1987). Accord NKF Engineering, Inc. v. United States, 805 F.2d 372, 377 n.7 (Fed. Cir. 1986). Similarly, contracting officials "have broad discretion to take corrective action where the agency determines that such action is necessary to ensure fair and impartial competition." Mantech Telecommunications and Information Sys. Corp. v. United States, 49 Fed. Cl. 57, 65 (2001) (quoting DGS Contract Serv., Inc. v. United States, 43 Fed. Cl. 227, 238 (1999)), aff'd, 30 Fed. Appx. 995 (Fed. Cir. 2002) (table).

HHS's decision to terminate the task order renders this protest moot. A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486 (1969). The Supreme Court has stated a two-part test for determining whether a case has been rendered moot. A case is rendered moot if (1) "it can be said with assurance that there is no reasonable expectation that the alleged violation will recur"; and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." County of Los

Angeles v. Davis, 440 U.S. 625, 631 (citations omitted). McKing's protest challenges an award of a task order that has been terminated. Because this case is moot, this Court no longer possesses subject matter jurisdiction to entertain McKing's complaint, S.K.J. & Assocs. v. United States, 67 Fed. Cl. 218, 230 (2005), and the case should be dismissed.

CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court dismiss this action and deny McKing's request for declaratory and injunctive relief.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

***s/Harold D. Lester, Jr.***

HAROLD D. LESTER, JR.
Assistant Director

**s/Richard P. Schroeder**
RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7788
Facsimile: (202) 353-7988
email: richard.schroeder@usdoj.gov

November 29, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 29th day of November 2006, a copy of the foregoing “DEFENDANT’S MOTION TO DISMISS” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/Richard P. Schroeder